LODGED ____ ____ RECEIVED ____ COPY

AUG 1 1 2025

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**CV25-02885-PHX-DJH**

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA

Dariel Denzel Thomas, ) Plaintiff, ) ) vs. ) Case No. _____ ) Bay State Milling Company, ) COMPLAINT FOR: 421 South 99th Avenue ) 1. RACE DISCRIMINATION Tolleson, AZ 85353, ) 2. RETALIATION ) 3. WRONGFUL TERMINATION Defendant. ) 4. UNEQUAL DISCIPLINE )

COMPLAINT FOR DAMAGES

Plaintiff, Dariel Denzel Thomas, brings this civil action and alleges as follows:

JURISDICTION AND VENUE

1. This Court has jurisdiction under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and 42 U.S.C. § 1981. 2. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a Notice of Right to Sue dated May 12, 2025. 3. Venue is proper in this District under 28 U.S.C. §1391 because the unlawful employment practices occurred in Maricopa County, Arizona.

PARTIES

4. Plaintiff Dariel Denzel Thomas is a resident of Maricopa County, Arizona. 5. Defendant Bay State Milling Company is a corporation operating in Tolleson, Arizona, and was Plaintiff's employer at all relevant times.

FACTUAL ALLEGATIONS

6. Plaintiff was hired by Bay State Milling through a temp agency around November or December 2023. 7. Supervisors requested Maria Sanchez to train Plaintiff. Initially, things went smoothly, but within a week she began mistreating Plaintiff when she realized she could not control or order him around. 8. Maria Sanchez stopped training Plaintiff properly, told him to stay away from her, claimed she did not feel comfortable around him, and made false complaints to supervisors claiming he was missing or taking long breaks. 9. She was aware Plaintiff had no key to re-enter the building and intentionally left him locked out. Plaintiff reported her actions to the temp agency (Garrett) and to supervisors Andrew and Greg. The conduct continued and escalated. 10. Around January or February 2024, Plaintiff requested a transfer to the Specialty Pack line where he was trained by Colon. He remained on that line until his termination. 11. In May 2024, Andrew issued Plaintiff a write-up for absences, including days when Plaintiff was still employed through the temp agency and not yet hired by Bay State. The write-up also listed future dates (June and July), making it invalid. 12. Plaintiff had disclosed at the time of hire that he was only available for night shifts due to childcare obligations. This was accepted by Bay State. 13. In June 2024, a documentation error occurred on the Specialty Pack line after Colon, the second-shift trainer, used incorrect product bags and wrote the wrong information. Plaintiff followed instructions and was unaware of the mistake. 14. Andrew later informed Plaintiff of the error and suspended him for three days. Plaintiff later discovered he was the only person disciplined for the incident—none of the non-Black employees involved were punished. 15. Plaintiff filed a complaint with union representative Ron, who responded dismissively: "Why did you tell me this now? Now people have to get in trouble because of you." 16. Plaintiff escalated the matter to Director Josh and HR. As a result, HR reversed the suspension and replaced it with a write-up, angering the management. 17. Following that, Plaintiff faced retaliation in the form of frequent and unfair write-ups in August, September, and October. 18. In August 2024, management ordered Plaintiff to train on the Haver machine during morning hours, despite his known night-only availability and the presence of night trainers. Plaintiff proposed multiple alternatives, including coming in early or working on weekends, all of which were denied. 19. Plaintiff demonstrated effort and willingness to train, including attending training on his day off, but management still refused to accommodate. 20. In September 2024, Plaintiff

fell ill with a contagious virus. His supervisor told him not to come in for safety reasons but refused to allow the use of float time to excuse the absence. Other employees had been allowed to use float time in similar situations. 21. Around August 2024, co-worker Malachi called Plaintiff the N-word and stated, "you and people like you came a long way from picking cotton." 22. Plaintiff filed a complaint with HR on September 11, 2024, regarding the racial slur and discriminatory comment. 23. On October 15, 2024, Plaintiff was terminated. Plaintiff believes this termination was retaliation for filing the complaint and prior complaints about discrimination. 24. Plaintiff contends that he was unfairly targeted, harassed, retaliated against, and ultimately fired for asserting his rights, reporting racial discrimination, and refusing to work shifts outside of his agreed availability.

CLAIMS FOR RELIEF

Count I: Race Discrimination (Title VII / 42 U.S.C. §1981) 25. Defendant subjected Plaintiff to unequal treatment based on race, including disparate discipline, harassment, and termination.

Count II: Retaliation (Title VII) 26. Defendant retaliated against Plaintiff for reporting discrimination to supervisors, HR, the union, and the EEOC.

Count III: Wrongful Termination 27. Plaintiff was terminated based on pretextual reasons after engaging in protected activity and based on discriminatory motives.

Count IV: Unequal Discipline / Hostile Work Environment 28. Plaintiff was repeatedly disciplined for conduct others were not punished for, and endured a hostile work environment created by Maria Sanchez and others.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court: A. Award back pay, front pay, and compensatory damages; B. Award punitive damages for willful misconduct; C. Award costs and attorney's fees (if later retained); D. Order any further relief the Court deems just and proper.

Respectfully submitted,

Dariel Denzel Thomas P.O. Box 14224 Phoenix, AZ 85063 Phone: (302) 468-9322 Email: yare65741@gmail.com Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

**Dariel Denzel Thomas**, Plaintiff
v.
**Bay State Milling**, Defendant

Case No.: (To be assigned)

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. Jurisdiction and Venue

This Court has jurisdiction under 28 U.S.C. § 1331 for claims arising under federal law, including Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e). The Court also has supplemental jurisdiction under 28 U.S.C. § 1367 for claims arising under the laws of the State of Arizona. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Tolleson, Arizona, within the District of Arizona.

## II. Parties

Plaintiff: Dariel Denzel Thomas, P.O. Box 14224, Phoenix, AZ. Defendant: Bay State Milling, 421 S 99th Ave, Tolleson, AZ 85353.

## III. Factual Allegations

Plaintiff was hired by Defendant in late 2023. Plaintiff was assigned a trainer, Maria Sanchez, who displayed hostility and refused to properly train Plaintiff. Plaintiff experienced racial harassment, including the use of the racial slur 'N-word' by coworkers. Maria Sanchez made false reports to supervisors, claiming Plaintiff was not working or was absent, despite knowing Plaintiff lacked a key to re-enter the building after breaks. Plaintiff requested schedule accommodations due to childcare responsibilities. Defendant failed to comply with its own policies requiring reasonable accommodations and instead retaliated with write-ups and suspension. Plaintiff was terminated in October 2024 in violation of company policies and contractual obligations. Plaintiff filed a charge with the EEOC and received a Right-to-Sue letter on May 12, 2025.

## IV. Causes of Action

Count I – Title VII: Racial Discrimination
Count II – Title VII: Retaliation
Count III – Arizona Civil Rights Act: Discrimination & Retaliation
Count IV – Wrongful Termination in Violation of Public Policy
Count V – Breach of Contract

## V. Damages and Relief Sought

Plaintiff demands judgment against Defendant for: - $3,500,000 in damages for economic loss, emotional distress, and punitive damages. - Additional $500,000 for relief, including a formal apology

letter and mandated workplace training for all employees and supervisors. - Reinstatement or front pay in lieu of reinstatement. - Costs of suit and reasonable attorney's fees. Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

*D. Thomas*        8-8-25

Dariel Denzel Thomas, Plaintiff Pro Se
P.O. Box 14224
Phoenix, AZ
Phone: (302) 468-9322
Email: yare65741@gmail.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Dariel Denzel Thomas, Plaintiff, v. Bay State Milling Company, Defendant. Case No.: (To be assigned by Clerk)

**SHORT-FORM CIVIL COMPLAINT** 1. This is an action for race discrimination, retaliation, wrongful termination, unequal discipline, and hostile work environment under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981. 2. Plaintiff is a resident of Maricopa County, Arizona. Defendant Bay State Milling Company is a corporation doing business in Tolleson, Arizona. 3. Venue is proper because the events giving rise to these claims occurred in Maricopa County, Arizona. 4. The Equal Employment Opportunity Commission issued a Notice of Right to Sue dated May 12, 2025. 5. Plaintiff seeks damages including back pay, front pay, compensatory damages for emotional distress, punitive damages, and attorney's fees. The full, detailed complaint is attached.

**RELIEF REQUESTED** Plaintiff requests that the Court enter judgment in his favor and award: - Back pay and front pay; - Compensatory damages for emotional distress; - Punitive damages for willful misconduct; - Attorney's fees and costs (if counsel is retained); - Any other relief the Court deems just and proper.

Respectfully submitted, Dariel Denzel Thomas P.O. Box 14224 Phoenix, AZ 85063 Phone: (302) 468-9322 Email: yare65741@gmail.com Date: _4-8-25_ Signature:



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Phoenix District Office**
3300 North Central Avenue, Suite 690
Phoenix, AZ 85012
(602) 661-0002
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 05/12/2025

**To:** Mr. Dariel D. Thomas
P.O. Box 14224
Phoenix, AZ  85063

Charge No: 540-2024-05942

EEOC Representative and email:    Cynthia Wilson
Enforcement Supervisor
cynthia.wilson@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 540-2024-05942.

On behalf of the Commission,

Melinda Caraballo
District Director

**Cc:**
Andy Salazar
Bay State Milling
421 SOUTH 99TH AVENUE
TOLLESON, AZ 85353

NA NA
421 SOUTH 99TH AVENUE
TOLLESON, AZ 85353


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 540-2024-05942 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 540-2024-05942 to the District Director at Melinda Caraballo, 3300 North Central Avenue Suite 690, Phoenix, AZ 85012.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.